IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ONEWEST BANK, FSB, ) | CIVIL NO. 12-00108 ACK-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION REGARDING |
| vs. ) | ATTORNEYS' FEES |
| ) | |
| J RANDALL FARRAR; ) | |
| CHRISTOPHER SALEM; WAYNE ) | |
| WAGNER; MARY WAGNER; LOT ) | |
| 48A LLC; POOL PRO, INC.; ) | |
| CREDIT ASSOCIATES OF MAUI, ) | |
| LTD.; JOHN AND MARY DOES 1- ) | |
| 20; DOE PARTNERSHIPS 1-20; ) | |
| DOE CORPORATIONS 1-20; ) | |
| OTHER ENTITIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES

On October 1, 2013, Plaintiff OneWest Bank ("Plaintiff") filed a Motion to Enforce Settlement Agreement ("Motion").  At the October 15, 2013 hearing on the Motion, this Court recommended that the Motion be granted and that attorneys' fees be awarded.  The Court directed Plaintiff's counsel to submit a declaration regarding their reasonable fees incurred in connection with the Motion.

On October 25, 2013, Plaintiff's counsel submitted the declaration regarding fees.

On October 31, 2013, this Court issued a Findings and Recommendation Granting Plaintiff OneWest Bank, FSB's Motion to Enforce Settlement Agreement, prepared by counsel.

The instant Findings and Recommendation addresses the amount of fees reasonably incurred in connection with the Motion.  After careful consideration of Plaintiff's counsel's submissions and the applicable law, and after employing the lodestar method, the Court finds that Plaintiff is entitled to $16,680.10 in attorneys' fees and tax.

A.   Hourly Rates

Plaintiff requests the following rates for its attorneys:  1) Craig Shikuma - $300.00; 2) Jesse Schiel - $275.00; 3) Sarah Moriarty - $185.00; and 4) Nicholas Monlux - $170.00.  In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th

Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

   This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and Plaintiff's counsel's submissions, this Court finds that with the exception of Mr. Shikuma, the requested hourly rates are slightly

excessive. As a result, the Court reduces the requested hourly rates and concludes that the following hourly rates are reasonable: 1) Mr. Shikuma - $300.00; 2) Mr. Schiel - $250.00; 3) Ms. Moriarty - $160.00; and 4) Mr. Monlux - $145.00.

B.  Requested Hours

Plaintiff claims to have reasonably spent 134.3 hours filing its Motion to Enforce Settlement. Having reviewed counsel's billing entries, the Court finds that reductions must be made for excessiveness, duplication, clerical tasks, and unrelated tasks.

1. Excessive Hours

The Court finds that the time expended in connection with the Motion was excessive. For example, counsel expended approximately 35 hours, between four attorneys, working on the memorandum in support of the Motion. In other instances, more time was spent on a task than should be compensated for, or tasks were completed that should not be charged against Defendant

Christopher Salem.[1]  After carefully reviewing the time sheets, the Court finds that the following reductions must be made for excessiveness:  1) Mr. Shikuma - 6.4 hours; 2) Mr. Schiel - 0 hours; 3) Ms. Moriarty - 11.2 hours; and 4) Mr. Monlux - 18.7 hours.

    2.  <u>Duplicate Hours</u>

The Court also reduces counsel's hours for meetings for which multiple attorneys billed.  The general rule is that two professionals cannot bill for attending the same meeting.  <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008).  Thus, when a party's counsel meet with one other, the Court

---

[1] As an example, Mr. Monlux spent 8 hours researching the enforceability of a settlement agreement if an agreement is not executed (9/12/13 entry).  Such a task should only take a couple of hours.  Likewise, it should not take 5.1 hours to revise the Motion, which was only 3 pages long, 2 of which were substance, 1 of which was the caption (Ms. Moriarty 9/17/13 entry).  In another instance, both Mr. Monlux and Ms. Moriarty drafted memoranda addressing research they conducted (Mr. Monlux 9/18/13 entry; Ms. Moriarty 9/15/13 entry).  While this may be a common practice within a law firm, the 6.1 hours in fees should not be paid by Defendant Salem.

deducts the duplicative time billed. Id.; In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).

Here, the Court finds duplicative the time billed by Mr. Shikuma, Mr. Schiel, and Mr. Monlux for a conference regarding strategy for the reply memorandum on 10/8/13. Co-counsel's attendance at hearings and status conferences is understandable, but the resulting duplicative fees should not be taxed against Defendant Salem. Insofar as Mr. Shikuma has the highest billing rate, his time shall be compensable.

Similarly, the Court finds duplicative the hours billed for multiple attorneys attending the hearing on the Motion. Mr. Shikuma and Mr. Schiel submitted time entries for attending the hearing. The Court will allow Mr. Shikuma's time, as he argued the Motion, but the Court deducts the hours billed by Mr.

Schiel.[2]  See Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 546 (E.D. Pa. 2003) (disallowing fees for mere attendance at deposition).

Based on the foregoing, the Court reduces Mr. Schiel's hours by 1.6 and Mr. Monlux's hours by 0.4.

3.  Clerical Tasks

Mr. Monlux expended time on clerical tasks,[3]

---

[2]  The 10/15/13 time entry also includes participation in a status conference with Plaintiff to discuss the outcome of the hearing, but does not apportion the time, so the full 1.2 hours billed will be deducted.

[3]  This district has previously deemed the following list of tasks clerical or ministerial and has found them to be non compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, *5

such as gathering exhibits for the Motion.  Clerical tasks are non compensable.  Although in some instances, the clerical task was one of a couple of tasks completed in a time period, the entire period must be excluded because the use of block billing prevents the Court from ascertaining how much time was spent on the clerical task.[4]  Accordingly, the Court shall deduct 12.8 hours from Mr. Monlux's time.

   4.  <u>Unrelated Tasks</u>

Finally, the Court recommends reductions for time expended on tasks that were unrelated and/or not reasonably incurred in connection with the Motion.  Mr. Shikuma's 9/26/13 (reviewing David Cain's motion to withdraw as counsel and email correspondence with client) and 10/14/13 (email correspondence with client

---

(D. Haw. Dec. 1, 2010), <u>adopted by</u> <u>Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC</u>, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits).

   [4]  For example, on 10/8/13, Mr. Monlux gathered exhibits and drafted an outline in a 2.2 hour period. Because the time is not apportioned, the Court must deduct the full 2.2 hours.

regarding hearing on Motion to Enforce Settlement Agreement and carve out language in Final Settlement Agreement) entries do not directly relate to the filing of the Motion.  With respect to the 10/14/13 entry, correspondence with Plaintiff about the hearing on the Motion would be compensable, but the correspondence also discussed the carve out language.  Carve out language is something that would have been discussed regardless of whether the Motion was filed.  Inasmuch as the time entry includes both tasks, but is not apportioned, the entire entry will be deducted.  Consequently, the Court deems the 0.5 hours spent on the above tasks to be non compensable.

Based on the foregoing, the Court finds that the following hours are compensable:  1) Mr. Shikuma - 18.1 hours; 2) Mr. Schiel - 10.4 hours; 3) Ms. Moriarty - 2.7 hours; and 4) Mr. Monlux - 51.5 hours.  Applying the reasonable hourly rates to these hours results in a fee award of $15,929.50, plus $750.60 in tax, for a total of $16,680.10.  The Court recommends that Defendant Salem be ordered to remit payment within 2

weeks after the entry of the order taking action on this Findings and Recommendation.

    IT IS SO FOUND AND RECOMMENDED.

    Dated:  Honolulu, Hawaii, November 18, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00108 ACK-KSC; <u>ONEWEST BANK, FSB V. FARRAR, ET AL.</u>; FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES