IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ONEWEST BANK, FSB, | ) CIVIL NO. 12-00108 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S MOTION FOR AN |
| | ) ORDER FOR DEFENDANT |
| J RANDALL FARRAR; | ) CHRISTOPHER SALEM TO SHOW |
| CHRISTOPHER SALEM; WAYNE | ) CAUSE WHY HE SHOULD NOT BE |
| WAGNER; MARY WAGNER; LOT | ) HELD IN CIVIL CONTEMPT FOR |
| 48A LLC; POOL PRO, INC.; | ) VIOLATING THE COURT'S |
| CREDIT ASSOCIATES OF MAUI, | ) ORDER, AND FOR AN ORDER TO |
| LTD.; JOHN AND MARY DOES 1- | ) ENFORCE JUDGMENT FOR |
| 20; DOE PARTNERSHIPS 1-20; | ) SPECIFIC ACTION |
| DOE CORPORATIONS 1-20; | ) |
| OTHER ENTITIES 1-20, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR AN ORDER FOR DEFENDANT CHRISTOPHER SALEM
TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL
CONTEMPT FOR VIOLATING THE COURT'S ORDER, AND FOR
AN ORDER TO ENFORCE JUDGMENT FOR SPECIFIC ACTION

Before the Court is Plaintiff OneWest Bank's

("Plaintiff") Motion For an Order For Defendant

Christopher Salem to Show Cause Why He Should Not Be

Held in Contempt For Violating The Court's Order, and

For an Order to Enforce Judgment For Specific Action

("Motion"), filed December 5, 2013.  Defendant

Christopher Salem ("Defendant Salem") filed an

Opposition on December 23, 2013.  On December 27, 2013, Plaintiff filed a Reply.

Defendant Salem filed an Errata on January 2, 2014, which contained additional exhibits and Defendant Salem's declaration.  In response, Plaintiff filed a Supplemental Reply, asking that the Errata be stricken because it was untimely filed.[1]

This matter came on for hearing on January 6, 2014.  Craig Shikuma, Esq., appeared on behalf of Plaintiff; David Cain, Esq., appeared by phone on behalf of Defendant Salem, along with Defendant Salem; and Kurt Leong, Esq., appeared on behalf of Defendant J. Randall Farrar.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments and comments of counsel and Defendant Salem, the Court HEREBY FINDS AND RECOMMENDS that the Motion

---

[1]  The filing of the Errata appears to be an attempt to circumvent the Opposition deadline, and it was an improper method of expanding the record two business days before the hearing without leave of Court.  Nevertheless, the Court declines to strike the Errata from the record.  Defendant Salem's declaration and the additional exhibits have been considered and have no material affect on the Court's recommendation.

2

be GRANTED for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the extensive history of this case, the Court includes only those facts necessary for the disposition of the instant Motion.

On August 26, 2013, the parties placed a settlement on the record and the Court set a status conference regarding the completion of the settlement agreement for September 11, 2013.  At the status conference, the parties informed the Court that they were circulating and reviewing the draft settlement agreement.

The Court held another status conference on September 19, 2013, at which the parties advised that the settlement documents had been circulated, but that Defendant Salem needed additional time.  The Court set a deadline of September 23, 2013, for Mr. Cain to submit the documents.

On October 1, 2013, Plaintiff filed a Motion to

Enforce Settlement Agreement.  At the October 15, 2013

hearing on the Motion to Enforce, the Court recommended

that the Motion to Enforce be granted and that

Plaintiff be awarded reasonable fees incurred in

connection with the motion.  On October 31, 2013, this

Court issued counsel-prepared Findings and

Recommendation ("F&R") with respect to the Motion to

Enforce, recommending the following:

> 1. Salem shall execute and deliver the Final
> Settlement Agreement (Exhibit R to the Motion to
> Enforce) within three business days of the District
> Court's adoption of these recommendations and entry
> of the order;

> 2. Salem shall execute and deliver exhibits 1, 2,
> 3, 4, 6, and 8 (which are attached to Exhibit R)
> within three business days of the District Court's
> adoption of these recommendations and entry of the
> order;

> 3. Salem shall show proof of funds and proof that
> such funds are not from the Bankruptcy Estate
> within three business days of the District Court's
> adoption of these recommendations and entry of the
> order;

> 4. Salem shall pay to Wagner $50,000.00 for their
> release of lien on the Hui Road property;

> 5. Salem shall pay to Plaintiff $575,000 for the
> Lower Road Property;
> 6. Salem shall pay Plaintiff's reasonable
> attorneys' fees and costs incurred in bringing its

Motion to Enforce. Plaintiff shall submit proof of its fees and costs pursuant to LR 54.3; and

7. The Court will retain jurisdiction to ensure Salem's compliance with the District Court's adoption of these recommendations and entry of order.

F&R at 25-26.

On November 18, 2013, this Court issued a Findings and Recommendation Regarding Attorneys' Fees ("Fee F&R"), recommending that 1) Plaintiff be awarded $16,680.10 in attorneys' fees and 2) that Defendant Salem be ordered to remit payment within 2 weeks after the entry of the order taking action on the Fee F&R. Fee F&R at 9-10.

On November 19, 2013, the district court issued an Order Adopting Magistrate Judge's Findings and Recommendation ("11/19/13 Order"). Defendant Salem has appealed the 11/19/13 Order to the Ninth Circuit.

The district court adopted the Fee F&R on December 10, 2013.

Presently at issue is whether Defendant Salem

violated the 11/19/13 Order.  At the hearing, the Court

held its ruling in abeyance to allow additional time

for compliance because Defendant Salem himself

represented that he would sign a deed in lieu to comply

with the 11/19/13 Order and sign off on money held by

the receiver that same day.  The Court expressed its

inclination to recommend that the Motion be granted and

that coercive and compensatory sanctions issue.  The

Court directed Mr. Shikuma to advise the Court by 4:30

p.m. on January 9, 2014, about whether Defendant Salem

complied with the 11/19/13 Order and/or whether

Defendant Salem's actions have mooted this Motion.

Plaintiff's counsel timely notified the Court that

Plaintiff had not received executed settlement

documents or payment from Defendant Salem in connection

with the 11/19/13 Order.

<u>DISCUSSION</u>

Plaintiff requests that Defendant Salem be held

in civil contempt for violating the 11/19/13 Order.

Plaintiff submits that it has proved by clear and

convincing evidence that Defendant Salem violated said
Order.

In challenging this Motion, Defendant Salem
reargues the merits of this action and accuses
Plaintiff's counsel of misconduct.  He justifies his
failure to execute the settlement by alleging that
Plaintiff's employees interrupted the process by
directly contacting him and that newly obtained
discovery proves that La Jolla Bank mortgage were
unlawfully executed in violation of federal lending
laws.[2]  Defendant Salem believes that he has taken all
steps to comply with the 11/19/13 Order and that he has
acted in good faith.

Civil contempt occurs when a party disobeys a
specific and definite court order by failing to take
all reasonable steps within the party's power to

---

[2]  In his Opposition, Defendant Salem requested
that the Court reopen discovery.  This request is
denied.  The case has settled, it is on appeal, and
Defendant Salem has been ordered to comply with the
settlement terms.  All that remains for disposition is
whether he should be held in contempt for failing to
comply with the 11/19/13 Order.

comply.  In re Dual-Deck Video Cassette Recorder Antitrust, 10 F.3d 693, 695 (9th Cir. 1993).  District courts have "wide latitude in determining whether there has been contemptuous defiance of its order."  Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1403 (9th Cir. 1997).  Contempt "'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order."  In re Dual-Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)).  The party moving for a finding of civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's order, and "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'"  Id. (alteration in original) (quotations and citations omitted); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).

A.  Defenses

8

"'Substantial compliance" with the court order
is a defense to civil contempt, and is not vitiated by
'a few technical violations' where every reasonable
effort has been made to comply." In re Dual Deck, 10
F.3d at 695 (citations omitted); Gen. Signal Corp v.
Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986)
(citing Vertex, 689 F.2d at 891-92) (If a defendant has
taken "all reasonable steps" to comply with the court
order, technical or inadvertent violations of the order
will not support a finding of civil contempt).
"Ability to comply is the crucial inquiry, and 'a court
should weigh all the evidence properly before it
determines whether or not there is actually a present
ability to obey.'" United States v. Ayers, 166 F.3d
991, 994 (9th Cir. 1999) (quoting United States v.
Drollinger, 80 F.3d 389, 393 (9th Cir. 1996)).

Respondents may not use a contempt proceeding
as a basis for reconsidering the legal or factual basis
of the order alleged to have been disobeyed. Ayers,
166 F.3d at 955 (quoting United States v. Rylander,

9

460 U.S. 752, 756-57 (1983) (citation omitted)).

However, in a civil contempt proceeding, "a defendant

may assert a present inability to comply with the

[enforcement] order in question." Id. (citations

omitted).  Where a defendant raises the present

inability defense, he or she has the burden of

production.  Id. (citations omitted).  In the event

compliance with the order is factually impossible,

there is no reason to proceed with the civil contempt

action.  Id.

       In the present case, Plaintiff has established,

by clear and convincing evidence, that Defendant Salem

violated the 11/19/13 Order.  Although Defendant Salem

argues that he has acted in good faith, it is

undisputed that all of the conditions set out in the

F&R, and adopted in the 11/19/13 Order, have not been

satisfied.  It is therefore Defendant Salem's burden to

demonstrate a present inability to comply.  He has

failed to do so.  Defendant Salem has not offered a

legitimate basis for failing to comply, nor established

that he substantially complied with the Order.  None of
the arguments and excuses advanced by Defendant Salem
bear on this Motion.  Discovery regarding La Jolla Bank
is irrelevant and cannot serve as a basis for failing
to execute the settlement agreement by the prescribed
deadline.  Neither is Plaintiff's counsel's allegedly
improper conduct a defense to civil contempt.  This
proceeding may not be used to reargue the merits of the
case or to seek reconsideration of the 11/19/13 Order.

The facts and history are clear:  the parties
entered into a settlement on the record, the settlement
was enforced, and the Court imposed compliance
deadlines which Defendant Salem has disregarded.
Defendant Salem has failed to fulfill his obligations
under the settlement and he continues to cause delay
with his obstructionist tactics, which is precluding
final resolution of this case.

B.   <u>Sanctions</u>

Plaintiff seeks both coercive and compensatory
sanctions.  The court employs civil contempt sanctions

"for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." <u>Whittaker Corp. v. Execuair Corp.</u>, 953 F.2d 510, 517 (9th Cir. 1992) (citing <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 303-04 (1947)).  If a sanction is imposed for the purpose of coercing the contemnor, "the court must, in determining the size and duration of the sanction, 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" <u>Id.</u> (quoting <u>United Mine Workers</u>, 330 U.S. at 304).

A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" <u>Gen. Signal Corp. v. Donallco, Inc.</u>, 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); <u>see also</u> <u>United Mine Workers</u>, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of

12

complainant's actual loss"). Courts also have the power to order imprisonment. <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1250 (9th Cir. 2006). "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.  Like civil imprisonment, such fines exert a constant coercive pressure." <u>Id.</u> (quoting <u>Int'l Union, United Mine Workers v. Bagwell</u>, 512 U.S. 821, 829 (1994)) (quotations omitted).

The Court finds that the imposition of coercive and compensatory sanctions are necessary and appropriate.  This action settled over four months ago, and Defendant Salem has been on notice of this Court's recommended conditions since October 15, 2013.  Thus, he had sufficient time to comply with the 11/19/13 Order, yet he has allowed nearly two additional months to pass without complying.  Notwithstanding his verbal representation to the Court at the hearing that he

would comply that day, he has failed to do so.[3]   The
Court will not tolerate any further delays by Defendant
Salem.   Accordingly, as a coercive sanction, the Court
recommends that the district court impose a $200 fine,
due per underline(calendar) day, until Defendant Salem fully
complies with the conditions set out in F&R, as adopted
by the 11/19/13 Order.

The Court also finds that compensatory
sanctions should be imposed against Defendant Salem.
Plaintiff has been forced to incur additional fees and
seek Court intervention due to Defendant Salem's
refusal to comply with the 11/19/13 Order.   The Court
recommends that Plaintiff be awarded its reasonable
fees and costs incurred in connection with this Motion.
As before, Plaintiff's counsel shall submit a
declaration in conformance with Local Rule 54.3(d) to
support Plaintiff's request for fees and costs.

---

[3]   The Court questions Mr. Cain's decision to ask
that Defendant Salem be permitted to speak, when
Defendant Salem clearly misrepresented his intentions.
Defendant Salem will not be permitted to speak at
future hearings unless he is proceeding pro se, as his
conduct has established that he is not credible.

14

Following the submission of the declaration, the Court will issue a supplemental findings and recommendation regarding the amount of fees and costs to be awarded to Plaintiff.

Plaintiff finally requests that the Court direct the Clerk to execute the documents for Defendant should he fail to do so.  The Court declines to make such a recommendation at this time.  However, the Court cautions Defendant Salem that his continued disobedience will result in the imposition of additional sanctions.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion For an Order For Defendant Christopher Salem to Show Cause Why He Should Not Be Held in Contempt For Violating The Court's Order, and For an Order to Enforce Judgment For Specific Action, filed December 5, 2013, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 10, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00108 ACK-KSC OneWest v. Farrar, et al.; FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR AN ORDER FOR
DEFENDANT CHRISTOPHER SALEM TO SHOW CAUSE WHY HE SHOULD NOT BE
HELD IN CIVIL CONTEMPT FOR VIOLATING THE COURT'S ORDER, AND FOR
AN ORDER TO ENFORCE JUDGMENT FOR SPECIFIC ACTION