IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ONEWEST BANK, FSB,, | ) | CIVIL NO. 12-00108 ACK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ADOPTING |
| vs. | ) | MAGISTRATE JUDGE'S |
| | ) | FINDINGS AND |
| J RANDALL FARRAR; | ) | RECOMMENDATION TO GRANT |
| CHRISTOPHER SALEM; WAYNE | ) | PLAINTIFF'S MOTION FOR AN |
| WAGNER; MARY WAGNER; LOT | ) | ORDER FOR DEFENDANT |
| 48A LLC; POOL PRO, INC.; | ) | CHRISTOPHER SALEM TO |
| CREDIT ASSOCIATES OF MAUI, | ) | SHOW CAUSE WHY HE SHOULD |
| LTD.; JOHN AND MARY DOES 1- | ) | NOT BE HELD IN CIVIL |
| 20; DOE PARTNERSHIPS 1-20; | ) | CONTEMPT FOR VIOLATING |
| DOE CORPORATIONS 1-20; | ) | THE COURT'S ORDER, AND FOR |
| OTHER ENTITIES 1-20,, | ) | AN ORDER TO ENFORCE |
| | ) | JUDGMENT FOR SPECIFIC |
| Defendants. | ) | ACTION |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION


The Magistrate Judge's Findings and Recommendation to Grant Plaintiff's

Motion for an Order for Defendant to Show Cause Why He Should Not Be Held in

Civil Contempt for Violating the Court's Order having been filed and served on all

parties on January 10, 2014,[1] the Magistrate Judge's Order Denying Defendant's

_____

[1] The Court notes that, in a January 9, 2014 order, the Ninth Circuit stated that Defendant Salem's pending appeal of this Court's Order Adopting the Finding and Recommendation to Enforce Settlement Agreement does not divest this District Court of jurisdiction to supervise compliance with that order. See Order Denying Motion for Emergency Review of Jurisdiction/Motion for Stay of Proceeding in District Court, One West Bank, FSB v. Christopher Salem, Civ. No. 13-17447, Doc. No. 12 at 2 (9th Cir. Jan. 9, 2014) (citing Meinhold v. United States, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994)). The Ninth Circuit further found that

Motion for Reconsideration of the Findings and Recommendation having been

entered on January 29, 2014, and no objections having been filed by any party as to

the Order denying the reconsideration motion, IT IS HEREBY ORDERED AND

ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C)

and Local Rule 74.2, the Findings and Recommendations are adopted as the

opinion and order of this Court.[2]

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, February 18, 2014



Alan C. Kay
Senior United States District Judge

OneWest Bank FSB v. Farrar et al., Civ. No. 12-00108 ACK-KSC, Order Adopting Magistrate Judge's Finding and Recommendation to Grant Plaintiff's Motion for an Order for Defendant Christopher Salem to Show Cause Why He Should Not Be Held in Civil Contempt

---

Salem failed to make a showing sufficient to warrant the issuance of a stay of proceedings in this District Court, and noted that Salem will have the opportunity to appeal any contempt order or sanction that issues from this District Court.

[2] The Court notes that it agrees that a coercive sanction of $200 per calendar day until Defendant Salem fully complies with the conditions of the 11/19/13 Order Adopting the Findings and Recommendation is appropriate given the character and magnitude of the harm threatened by Defendant Salem's continued contumacy. Specifically, the Court notes that, through his continued refusal to comply with the conditions of the 11/19/13 Order, Salem is, among other things, preventing OneWest from exercising its right to dispose of one of the properties at issue, and depriving Wayne and Mary Wagner of a substantial amount of money owed to them under the parties' settlement agreement: pursuant to the 11/19/13 Order, Salem is required to pay $50,000.00 for their release of the lien on the Hui Road property, as well as $575,000.00 for their lien on the Lower Road property. (See Doc. No. 171 at 6-7.) Further, in light of Salem's representations that he would comply with the settlement, and his utter failure to do so, it appears that coercive sanctions are necessary to ensure compliance.