IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ONEWEST BANK, FSB, ) | CIVIL NO. 12-00108 ACK-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION REGARDING |
| vs. ) | ATTORNEYS' FEES INCURRED |
| ) | IN CONNECTION WITH THE |
| J RANDALL FARRAR; ) | MOTION FOR OSC |
| CHRISTOPHER SALEM; WAYNE ) | |
| WAGNER; MARY WAGNER; LOT ) | |
| 48A LLC; POOL PRO, INC.; ) | |
| CREDIT ASSOCIATES OF MAUI, ) | |
| LTD.; JOHN AND MARY DOES 1- ) | |
| 20; DOE PARTNERSHIPS 1-20; ) | |
| DOE CORPORATIONS 1-20; ) | |
| OTHER ENTITIES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS'
<u>FEES INCURRED IN CONNECTION WITH THE MOTION FOR OSC</u>

On January 10, 2014, this Court issued a Findings and Recommendation to Grant Plaintiff OneWest Bank FSB's Motion for an Order for Defendant Christopher Salem to Show Cause Why He Should Not be Held in Civil Contempt For Violating the Court's Order and For an Order to Enforce Judgment For Specific Action ("F&R").  This Court recommended that Plaintiff be awarded its reasonable fees and costs incurred in connection with the Motion for OSC.  F&R at 14-15.  On

January 27, 2014, Defendant Salem filed a Motion for Reconsideration, which the Court denied on January 29, 2014. On February 18, 2014, the district court issued an Order adopting this Court's F&R.

The instant Findings and Recommendation addresses the amount of fees reasonably incurred in connection with the Motion for OSC. After careful consideration of Plaintiff's counsel's submissions and the applicable law, and after employing the lodestar method, the Court finds that Plaintiff is entitled to $21,892.66 in attorneys' fees and tax.

A. <u>Hourly Rates</u>

The Court already established Plaintiff's counsel's reasonable hourly rates in its previous F&R regarding fees that was issued in connection with Plaintiff's motion to enforce settlement, and the district court adopted these rates: 1) Mr. Shikuma - $300.00; 2) Mr. Schiel - $250.00; 3) Ms. Moriarty - $160.00; and 4) Mr. Monlux - $145.00.

B. <u>Requested Hours</u>

Plaintiff claims to have reasonably spent 112.6

hours in connection with its Motion for OSC. Having reviewed counsel's billing entries, the Court finds that reductions must be made for excessiveness/duplication, clerical tasks, and unrelated tasks.

1. Excessive Hours

The Court finds that some of the time expended in connection with the Motion for OSC was excessive and/or duplicative. For example, Mr. Shikuma expended 1.4 hours reviewing Defendant Salem's opposition to the Motion. Given his experience and the content of the opposition, the Court finds that 1.4 hours is slightly excessive and that 1 hour was reasonably incurred. Ms. Moriarty expended 3.2 hours drafting a memorandum regarding research she conducted. As the Court explained in the previous F&R, even though such a practice is common within a law firm, the time should not be charged to Defendant Salem. Therefore 3.2 hours should be deduced from Ms. Moriarty's time. Mr. Monlux expended 2.3 hours on tasks such as reviewing emails/letters from Mr. Shikuma to David Cain and

Defendant Salem, reviewing the previous F&R, reviewing Defendant Salem's opposition to the Motion, and strategizing about the reply memorandum.  The Court finds these tasks to be excessive and/or duplicative.  It is duplicative for Mr. Monlux to review correspondence sent by Mr. Shikuma, to review Court documents reviewed by others, and to strategize about the reply memorandum when Mr. Shikuma has already claimed time for that same task.[1]

Based on the foregoing, the Court reduces Mr. Shikuma's hours by 0.4, Ms. Moriarty's hours by 3.2 and Mr. Monlux's hours by 2.3.

    2.   <u>Clerical Tasks</u>

Mr. Monlux expended time gathering documents

---

[1] The general rule is that two professionals cannot bill for attending the same meeting.  <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008).  Thus, when a party's counsel meet with one other, the Court deducts the duplicative time billed.  <u>Id.</u>; <u>In re Mullins</u>, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together)).

for the hearing, which is a clerical task.[2] Clerical tasks are non compensable. Accordingly, the Court shall deduct 0.4 hours from Mr. Monlux's time.

---

[2] The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

    3.  <u>Unrelated Tasks</u>

Finally, the Court recommends reductions for time expended on tasks that were unrelated and/or not reasonably incurred in connection with the Motion.  Mr. Monlux's 1/8/14 and 1/9/14 entries pertain to the Ninth Circuit proceedings and do not directly relate to the Motion for OSC.  As such, the 0.7 hours expended on those dates should be deducted from his time.

C.  <u>Fee Award</u>

Based on the foregoing, the Court finds that the following hours are compensable:  1) Mr. Shikuma – 27.4 hours; 2) Mr. Schiel – 12.2 hours; 3) Ms. Moriarty – 4.5 hours; and 4) Mr. Monlux – 61.5 hours.  Applying the reasonable hourly rates to these hours results in a fee award of $20,907.50, plus $985.16 in tax, for a total of $21,892.66.  The Court recommends that Defendant Salem be ordered to remit payment within one week after the entry of the order taking action on this Findings and Recommendation.  Defendant Salem is cautioned that failure to timely remit payment may

result in the imposition of additional sanctions.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, March 10, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00108 ACK-KSC; ONEWEST BANK, FSB V. FARRAR, ET AL.;
FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES INCURRED IN
CONNECTION WITH THE MOTION FOR OSC