IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ONEWEST BANK, FSB,<br><br>    Plaintiff,<br><br>  v.<br><br>J RANDALL FARRAR; CHRISTOPHER SALEM; WAYNE WAGNER; MARY WAGNER; LOT 48A LLC; POOL PRO, INC.; CREDIT ASSOCIATES OF MAUI, LTD.; JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; OTHER ENTITIES 1-20,<br><br>    Defendants. | Civ. No. 12-00108 ACK-KSC |

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION REGARDING ATTORNEYS' FEES INCURRED IN CONNECTION WITH THE MOTION FOR OSC**

For the following reasons, the Court hereby ADOPTS AS MODIFIED the Magistrate Judge's Findings and Recommendation Regarding Attorneys' Fees Incurred in Connection with the Motion for OSC, entered March 10, 2014. (Doc. No. 229.)

**PROCEDURAL AND FACTUAL BACKGROUND**

This case arises out of two loans that Defendants J. Randall Farrar and Christopher Salem obtained from La Jolla Bank, FSB, which were secured by two mortgages for each loan on two pieces of residential property. Because the Court and the parties are familiar with the extensive history of this case, the Court

includes here only those facts necessary for the disposition of the instant matter.

On August 26, 2013, the parties placed a settlement on the record, and the magistrate judge set a status conference regarding the completion of the settlement agreement for September 11, 2013. (Doc. Nos. 140, 142, 145.) At the status conference, the parties informed the magistrate judge that they were circulating and reviewing the draft settlement agreement. (Doc. No. 144.) The magistrate judge held another status conference on September 19, 2013, during which the parties stated that the settlement documents had been circulated, but that Defendant Salem needed additional time to review and sign them. The magistrate judge set a deadline of September 23, 2013 for Salem to either execute the final settlement agreement or submit a final redline to the parties for review. (Doc. No. 148.)

Salem did not comply with the magistrate judge's instructions, instead circulating to the parties an entirely new settlement agreement. Plaintiff OneWest Bank, FSB ("Plaintiff") therefore filed a Motion to Enforce Settlement Agreement on October 1, 2013. (Doc. No. 156.) A hearing was held on the Motion to Enforce on October 15, 2013, and on October 31, 2013 the magistrate judge issued its Findings and Recommendations Granting Plaintiff's Motion to Enforce Settlement Agreement. (Doc. No. 171

("10/31/13 F&R").)[1/] There being no objections to the 10/31/13 F&R, this Court issued its order adopting it on November 19, 2013. (Doc. No. 173 ("Order to Enforce Settlement").) Defendant Salem has appealed the Order to Enforce Settlement to the Ninth Circuit.[2/] (Doc. No. 174.)

Because Salem did not comply with the Court's Order to Enforce Settlement, on December 5, 2013, Plaintiff filed a Motion for an Order for Defendant Christopher Salem to Show Cause Why He Should Not Be Held In Civil Contempt for Violating the Court's Order, and for an Order to Enforce Judgment for Specific Action. (Doc. No. 177 ("Motion for OSC").) The magistrate judge held a hearing on the Motion for OSC on January 6, 2014, during which

---

[1/] On November 18, 2013, the magistrate judge issued its Findings and Recommendations Regarding Attorneys' Fees, recommending that this Court award Plaintiff attorneys' fees in the amount of $16,680.10 incurred in connection with the Motion to Enforce. (Doc. No. 172.) There being no objections, this Court adopted the Findings and Recommendation on December 10, 2013. (Doc. No. 179.)

[2/] In a January 9, 2014 order, the Ninth Circuit stated that Defendant Salem's pending appeal of this Court's Order Adopting the Finding and Recommendation to Enforce Settlement Agreement does not divest this District Court of jurisdiction to supervise compliance with that order. See Order Denying Motion for Emergency Review of Jurisdiction/Motion for Stay of Proceeding in District Court, OneWest Bank, FSB v. Christopher Salem, Civ. No. 13-17447, Doc. No. 12 at 2 (9th Cir. Jan. 9, 2014) (citing Meinhold v. United States, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994)). The Ninth Circuit further found that Salem failed to make a showing sufficient to warrant the issuance of a stay of proceedings in this District Court, and noted that Salem will have the opportunity to appeal any contempt order or sanction that issues from this district court.

3

Salem represented that he would comply with the Order to Enforce Settlement on that day. (See Doc. No. 208 at 6.) In light of this statement, the magistrate judge stated that he would hold his order in abeyance and give Salem until 4:30pm on January 9, 2014 to comply with the Order to Enforce Settlement. (Doc. No. 204.)

On January 10, 2014, after receiving notice from Plaintiff's counsel that Plaintiff still had not received executed settlement documents or payment from Defendant Salem as required by the Order to Enforce Settlement, the magistrate judge issued his Findings and Recommendation to Grant Plaintiff OneWest Bank, FSB's Motion for an Order for Defendant Christopher Salem to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the Court's Order, and for an Order to Enforce Judgment For Specific Action. (Doc. No. 208 ("OSC F&R").) On January 27, 2014, Defendant Salem filed an untimely Motion for Reconsideration of the OSC F&R. (Doc. No. 212.) The magistrate judge nevertheless addressed the motion on the merits and denied it in an order issued on January 29, 2014. (Doc. No. 215.) Salem did not object to the OSC F&R, and this Court adopted it as the order of the Court on February 18, 2014. (Doc. No. 223 ("OSC Order").)

In the OSC F&R, the magistrate judge recommended that Plaintiff be awarded its reasonable fees and costs incurred in connection with the Motion for OSC, and stated that it would

issue a supplemental findings and recommendation regarding the amount of fees and costs to be awarded. (OSC F&R at 14-15.) On March 10, 2014, the magistrate judge issued its Findings and Recommendations Regarding Attorneys' Fees Incurred in Connection with the Motion for OSC. (Doc. No. 229 ("3/10/14 F&R").) On March 24, 2014, Defendant Salem filed his Objection to Recommendations Regarding Attorney Fees.[3/] (Doc. No. 230 ("Objection").)

**STANDARD**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. United States v. Bright, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. Local Rule 74.2. The district court

---

[3/] On February 28, 2014, the magistrate judge issued an Order Allowing Withdrawal of Counsel. (Doc. No. 225.) Defendant Salem is thus currently proceeding pro se.

must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989); <u>Bright</u>, 2009 WL 5064355, *3; Local Rule 74.2.

Pursuant to Local Rule 74.2, the objecting party must "specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections."

## **DISCUSSION**

In the 3/10/14 F&R, the magistrate judge, after making reductions for excessiveness/duplication, clerical tasks, and unrelated tasks, found that Plaintiff is entitled to $21,892.66 in attorneys' fees and tax. (3/10/14 F&R at 6.) The magistrate judge recommended that Defendant Salem be ordered to remit payment within one week after the entry of the order taking action on the findings and recommendation. (<u>Id.</u>)

In his Objection, Defendant Salem does not address the magistrate judge's determinations regarding the reasonableness of the amount of Plaintiff's claimed attorneys' fees, nor does he appear to dispute Plaintiff's entitlement to such fees. Rather, his Objection appears to reargue the merits of this action and accuse Plaintiff's counsel of misconduct. (<u>See generally</u> Objection.) While his Objection is at times difficult to

interpret, Defendant Salem appears to attempt to justify his failure to execute the settlement agreement by alleging that Plaintiff's employees interrupted the settlement process by directly contacting him, and that newly obtained discovery proves that the La Jolla Bank mortgages were unlawfully executed in violation of federal lending laws. (Id. at 3-9.) The Objection does not, however, address the issue of attorneys' fees at all. In short, the Objection fails to articulate specifically what in the 3/10/14 F&R is being objected to and the basis of that objection. This not only violates Local Rule 74.2, it provides no grounds for rejecting or modifying the magistrate judge's findings regarding attorneys' fees associated with the Motion for OSC. Accordingly, the objection is overruled and the Court adopts the 3/10/14 F&R with the modifications set forth below.[4/]

Based on a de novo review of the materials before the

---

[4/] In his Objection, Salem also appears to seek (1) relief from this Court's Order to Enforce Settlement and OSC Order under Federal Rule of Civil Procedure 60, (2) sanctions against Plaintiff's attorneys pursuant to Federal Rule of Civil Procedure 11, and (3) "a stay of further substance matter decisions by the Court until the [Plaintiff's] legal counsel produces all documents relating to the newly discovered evidence and explains why they have not been honest with Magistrate Judge Kevin S. Chang." (Id. at 4, 9-12.) An objection to a magistrate judge's findings and recommendation pursuant to Local Rule 74.2 is not, however, the appropriate vehicle for such requests. To the extent Salem wishes to seek Rule 60 relief from judgment, Rule 11 sanctions, or a stay of the instant case, he must do so in a separate motion filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court for the District of Hawaii.

magistrate judge on the matter of attorneys' fees incurred in association with the filing of Plaintiff's Motion for OSC, the Court concludes that additional reductions in the hours reasonably expended by Plaintiff's attorneys are necessary. In determining the amount of reasonable attorneys' fees the Court uses the traditional "lodestar" calculation, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). With respect to the reasonable hourly rate, this Court already determined a reasonable hourly rate for Plaintiff's attorneys based on their experience, skills, and reputations when it adopted the magistrate judge's findings and recommendation regarding attorneys' fees associated with the Motion to Enforce Settlement on December 10, 2013. (Doc. No. 179.) The Court thus concludes that the same rates are reasonable here. Specifically, the Court finds the following hourly rates are reasonable: (1) Mr. Shikuma - $300.00; (2) Mr. Schiel - $250.00; (3) Ms. Moriarty - $160.00; and (4) Mr. Monlux - $145.00.

   As to the number of hours reasonably expended, the Court agrees with the magistrate judge's recommended reductions for excessiveness/duplication, clerical tasks, and tasks unrelated to the Motion for OSC. The Court finds, however, that additional reductions are required for tasks unrelated to the Motion for OSC. The Court notes that its order adopting the

Findings and Recommendations Granting Plaintiff's Motion to Enforce Settlement Agreement was entered on November 19, 2013. (See Doc. No. 173.) Plaintiff's counsel could not have reasonably done work related to their Motion for OSC until this Court had entered the order that Defendant Salem was, in their view, acting in contempt of. Nevertheless, in their itemization of work performed, Mr. Shikuma, Mr. Schiel, and Mr. Monlux all make claims for work done prior to November 19, 2013. (See Decl. of Craig K. Shikuma in Supp. of Request for Attorneys' Fees and Related Costs, Ex. 1.) For example, on October 25, 2013, Mr. Shikuma expended 1.1 hours drafting an email to Defendant Salem's former counsel regarding execution of the settlement agreement. (Id.) Given that this correspondence occurred prior to the entry of the Order to Enforce Settlement, it cannot have been related to a contempt motion based upon Salem's failure to adhere to that order. This and similar entries by Mr. Shikuma, Mr. Schiel, and Mr. Monlux, all for work occurring prior to November 19, 2013, cannot reasonably be related to work on the Motion for OSC. As such, the Court deducts the following hours from these attorneys' time: (1) Mr. Shikuma - 6.0 hours; (2) Mr. Schiel - 0.7 hours; and (3) Mr. Monlux - 4.0 hours.

Based on the foregoing, the Court finds that the following hours are compensable: (1) Mr. Shikuma - 21.4 hours; (2) Mr. Schiel - 11.5 hours; (3) Ms. Moriarty - 4.5 hours; and

(4) Mr. Monlux - 57.5 hours. Applying the reasonable hourly rates to these hours results in a fee award of $18,352.50, plus $864.77 in tax, for a total of $19,217.27.

### **CONCLUSION**

For the foregoing reasons, the Court ADOPTS AS MODIFIED the magistrate judge's Finding and Recommendation Regarding Attorneys' Fees Incurred in Connection with the Motion for OSC dated March 10, 2014. In accordance with the finding and recommendation, Defendant Salem is ordered to pay to Plaintiff within one week of the entry of this Order $18,352.50 in attorneys' fees, plus $864.77 in tax, for a total of $19,217.27.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2014

_____
Alan C. Kay
Senior United States District Judge

Onewest Bank, FSB v. Farrar et al., Civ. No. 12-00108 ACK-KSC, Order Adopting as Modified Magistrate Judge's Findings and Recommendation Regarding Attorneys' Fees Incurred in Connection with the Motion for OSC.