```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAII

ONEWEST BANK, FSB,                  ) Civ. No. 12-00108 ACK-KSC
                                    )
         Plaintiff,                 )
                                    )
     v.                             )
                                    )
J. RANDALL FARRAR; CHRISTOPHER      )
SALEM; WAYNE WAGNER; MARY           )
WAGNER; LOT 48A LLC; POOL PRO,      )
INC.; CREDIT ASSOCIATES OF MAUI,    )
LTD; JOHN and MARY DOES 1-20;       )
DOE PARTNERSHIPS, CORPORATIONS,     )
OR OTHER ENTITIES 1-20,             )
                                    )
         Defendants.                )
                                    )
                                    )
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANT CHRISTOPHER SALEM TO ORDER AND PAY FOR TRANSCRIPTS**

For the following reasons, the Court hereby GRANTS Plaintiff OneWest Bank, FSB's Motion for Order Requiring Defendant Christopher Salem to Order and Pay for Transcripts.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of two loans that Defendants J. Randall Farrar and Christopher Salem obtained from La Jolla Bank, FSB, which were secured by two mortgages for each loan on two pieces of residential property. Because the Court and the parties are familiar with the extensive history of this case, the Court includes here only those facts necessary for the disposition of the instant motion.

On August 26, 2013, the parties placed a settlement on

the record, and the magistrate judge set a status conference regarding the completion of the settlement agreement for September 11, 2013. (Doc. Nos. 140, 142, 145.) At the status conference, the parties informed the magistrate judge that they were circulating and reviewing the draft settlement agreement. (Doc. No. 144.) The magistrate judge held another status conference on September 19, 2013, during which the parties stated that the settlement documents had been circulated, but that Defendant Salem needed additional time to review and sign them. The magistrate judge set a deadline of September 23, 2013 for Salem to either execute the final settlement agreement or submit a final redline to the parties for review. (Doc. No. 148.)

Salem did not comply with the magistrate judge's instructions, instead circulating to the parties an entirely new settlement agreement. Plaintiff OneWest Bank, FSB therefore filed a Motion to Enforce Settlement Agreement on October 1, 2013. (Doc. No. 156.) A hearing was held on the Motion to Enforce on October 15, 2013, and on October 31, 2013 the magistrate judge issued its Findings and Recommendations Granting Plaintiff's Motion to Enforce Settlement Agreement. (Doc. No. 171 ("10/31/13 F&R").) There being no objections to the 10/31/13 F&R, this Court issued its order adopting it on November 19, 2013. (Doc. No. 173 ("Order to Enforce Settlement").) On November 26, 2013, Defendant Salem filed his notice of appeal, informing this Court that he is

appealing the Order to Enforce Settlement to the Ninth Circuit. (Doc. No. 174.)

Pursuant to a February 5, 2014 Order issued by the Ninth Circuit, Defendant Salem was required to order all necessary transcripts for his pending appeal, or to provide OneWest with a partial or non-designation of transcripts, as well as a statement of the issues that Salem intends to present on appeal. If necessary, OneWest was then required to file and serve on Salem by March 4, 2014 a designation of additional transcripts to be ordered, after which Salem was required to either order all transcripts identified by OneWest, or certify to this district court that the transcripts are unnecessary to the resolution of the appeal. Pursuant to the Ninth Circuit's order, the transcripts were due on April 17, 2014. (See Doc. No. 226, Ex. A (February 5, 2014 Order)).

On February 24, 2014, Salem filed his non-designation of transcripts and statement of issues he intends to present on appeal. (Doc. No. 226, Ex. B.) In this filing, Salem stated without elaboration or explanation that no transcripts are necessary to support the issues to be presented on appeal. (Id. at 1.) On March 4, 2014, OneWest filed its Notice of Designation of Additional Transcripts to be Ordered by Defendant Christopher Salem, requesting that Salem order the following transcripts: (1) the transcript of the August 26, 2013 settlement on the record,

(2) the transcript of the September 19, 2013 status conference, (3) the transcript of the October 1, 2013 pretrial conference, and (4) the transcript of the October 15, 2013 hearing on OneWest's Motion to Enforce.[1] (Doc. No. 226.) OneWest asserted that the transcripts are necessary because the appeal arises from Salem's breach of the settlement agreement the parties put on the record before the magistrate judge. The transcripts OneWest requested included that settlement on the record, as well as subsequent hearings addressing Salem's breach. (Id. at 3.)

Following OneWest's March 4, 2014 Notice, Defendant Salem took no additional action. Thus, on April 29, 2014, OneWest filed the instant Motion for Order Requiring Defendant Christopher Salem to Order and Pay for Transcripts. (Doc. No. 238.) Salem filed his Objection to the motion on May 7, 2014. (Doc. No. 241.) OneWest filed its Reply on May 12, 2014. (Doc. No. 242.) Pursuant to Local Rule 7.2(e), the Court elects to decide the instant motion without a hearing.

## **DISCUSSION**

Rule 10 of the Federal Rules of Appellant Procedure provides a procedure by which the record on appeal is created.

---

[1] In its Reply in support of the instant motion, OneWest withdrew its request for Salem to order the transcripts from the September 19, 2013 and October 1, 2013 conferences before Magistrate Judge Chang. (Reply at 2 n.1.) As such, OneWest is requesting that Salem order two transcripts: the transcript of the August 26, 2013 settlement on the record, and the transcript from the October 15, 2013 hearing on OneWest's motion to enforce.

4

Pursuant to Rule 10(b), within fourteen days of filing a notice of appeal, it is the appellant's duty to either order transcripts or file a certificate stating that no transcript will be ordered. If the entire transcript is not ordered, the appellant must file a statement of the issues he intends to raise on appeal and serve that statement and the certificate on the appellee. Fed. R. App. P. 10(b)(3)(A). Then, if the appellee considers it necessary to have a transcript, he must file and serve on the appellant a designation of additional parts to be ordered. Fed. R. App. P. 10(b)(3)(B). If the appellant does not then, within fourteen days, order the designated transcript parts, the appellee may either order the transcript himself, or file a motion in the district court for an order requiring the appellant to do so. Fed. R. App. P. 10(b)(3)(C).

Here, after Salem certified that no transcripts were necessary, OneWest provided notice to Salem of the transcripts it believes are necessary for resolution of the appeal on March 4, 2014. (See Doc. No. 226.) Salem did not, within fourteen days, order the transcripts or otherwise act on OneWest's notice. The Court must therefore determine whether to grant OneWest's motion and compel Salem to order the transcripts.

Despite a careful review of Rule 10 and the relevant case law, the Court has found little guidance in the law as to the standard a district court should apply when ruling on a

motion to compel an appellant to order a transcript. The Rule does state that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). It also states that the motion to compel should be filed "if the appellee considers it necessary to have a transcript," but provides no indication of the standard a court should apply when considering such a motion. Likewise, the Court can find no Ninth Circuit precedent that provides such a standard.

The Ninth Circuit's Circuit Rules do, however, provide some guidance regarding the parties' responsibility for establishing the record on appeal. For example, the Circuit Rules indicate that the excerpts of record should include any documents, including transcripts, that are "necessary to the resolution of an issue on appeal." Cir. R. 30-1.4(a). The Circuit Rules state expressly that the purpose of the excerpts of record "is to provide each member of the panel with those portions of the record necessary to reach a decision." Cir. R. 30-1.1(a). Indeed, the parties are required to ensure that "those parts of the record necessary to permit an informed analysis of their positions are included in the excerpts." Id. Based on this language, it appears that those portions of the transcripts that

are necessary to the resolution of the issues on appeal, and necessary to permit an informed analysis of the parties' positions, should be made part of the excerpts of record and, thus, should be ordered from the district court in the first instance.

Here, the Court finds that under any standard the transcripts OneWest has identified are required for resolution of Salem's appeal. Salem is appealing this Court's Order to Enforce Settlement. (Doc. No. 173.) In that Order, the Court concluded that the final settlement agreement was consistent with the material terms set forth in the settlement on the record made before the magistrate judge on August 26, 2013. (See Doc. Nos. 140, 142.) Salem, in his Objection to the instant motion, appears to argue that the basis of his appeal is that there was no valid settlement on the record, and that he should not be compelled to sign the settlement agreement or abide by its terms. (See Obj. at 5.) Further, in his statement of the issues, Salem stated that he is claiming in his appeal that the Order to Enforce Settlement "was not supported by the known facts." (Doc. No. 226, Ex. B at 2.) Thus, it appears that the existence, validity, and terms of the settlement between the parties will be at issue on appeal. The transcript of the August 26, 2013 settlement conference when the settlement was placed on record will therefore be necessary for the Ninth Circuit to assess Salem's claims. Likewise, the

transcript of the hearing on OneWest's motion to enforce, which resulted in the magistrate judge's decision (as adopted by this Court) that Salem is appealing will also be necessary and relevant to the Ninth Circuit's analysis of Salem's appeal. As such, the Court concludes that it is appropriate to order Defendant Salem to order and pay for those two transcripts.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS OneWest's Motion for Order Requiring Defendant Christopher Salem to Order and Pay for Transcripts, and ORDERS that Defendant Salem order and pay for the following transcripts:

1) Transcript of the August 26, 2013 settlement on the record with Magistrate Judge Chang; and

2) Transcript of the October 15, 2013 hearing before Magistrate Judge Chang on OneWest's Motion to Enforce.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2014



_____
Alan C. Kay
Senior United States District Judge

OneWest Bank, FSB v. J. Randall Farrar et al., Civ. No. 12-00108 ACK KSC, Order Granting Plaintiff's Motion for Order Requiring Defendant to Order and Pay for Transcripts