IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ONEWEST BANK, FSB, | ) Civ. No. 12-00108 ACK-KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J. RANDALL FARRAR; CHRISTOPHER | ) |
| SALEM; WAYNE WAGNER; MARY | ) |
| WAGNER; LOT 48A LLC; POOL PRO, | ) |
| INC.; CREDIT ASSOCIATES OF MAUI, | ) |
| LTD; JOHN and MARY DOES 1-20; | ) |
| DOE PARTNERSHIPS, CORPORATIONS, | ) |
| OR OTHER ENTITIES 1-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER GRANTING INTERLOCUTORY DECREE OF FORECLOSURE
AND APPOINTING COMMISSIONER**

Pursuant to the Order Granting Plaintiff OneWest Bank,

FSB's ("Plaintiff") Motion for Summary Judgment, Default

Judgment, and an Order for Interlocutory Decree of Foreclosure,

filed herein on October 8, 2014 (Doc. No. 288 (the "Order")), IT

IS HEREBY FURTHER ORDERED ADJUDGED AND DECREED:

1.    That all of the following mortgages are foreclosed: (a)

the first-lien Mortgage dated August 14, 2008, between J. RANDALL

FARRAR and CHRISTOPHER SALEM ("Borrowers") and La Jolla Bank, FSB

("La Jolla"), recorded in the State of Hawaii Bureau of

Conveyances ("Bureau") as Document No. 2008-137605, covering

Borrowers' fee simple interest in that certain parcel of land located at 5106 Lower Honoapiilani Road, Lahaina, Hawaii 96761, tax map key number (2) 4-3-003-048, and all other rights, real, and personal property as more specifically described in Exhibit A to this Order ("Lower Road Property"); (b) the second-lien Mortgage dated August 14, 2008 between Borrowers and La Jolla, recorded in the Bureau as Document No. 2008-142518, covering Defendant Christopher Salem's fee simple interest in that certain parcel of land located at 8 Hui Road E, Lahaina, Hawaii 96761, tax map key number (2) 4-3-015-055, and all other rights, real, and personal property as more specifically described in Exhibit B to this Order ("Hui Property"); (c) the first-lien Mortgage dated August 14, 2008, between Borrowers and La Jolla, recorded in the Bureau as Document No. 2008-137607, covering Defendant Christopher Salem's fee simple interest in the Hui Property; and (b) the second-lien Mortgage dated August 14, 2008, between Borrowers and La Jolla, recorded in the Bureau as Document No. 2008-137604, covering Borrowers' fee simple interest in the Lower Road Property (The first- and second-lien mortgages on the Lower Road Property and the Hui Property are collectively referred to herein as the "Mortgages"; and the Lower Road Property and the Hui Property are collectively referred to as the "Mortgaged Properties").

2.    The Commissioner as appointed herein by the Court shall

sell the property within four (4) months after the Commissioner
is notified of this Order and Decree of Foreclosure. The
Commissioner shall hold all proceeds of the sale of the Property
in an interest-bearing account to the credit of this cause
subject to the directions of this Court. Upon payment according
to such directions, the Commissioner shall file an accurate
accounting fo Commissioner's receipts and expenses.

3.    GARY ROBERT, whose address is 808 Wainee Street #201,
Lahaina, Maui 96761, and whose telephone number is 808-667-7741,
is hereby appointed Commissioner of this Court to serve without
bond. In the event that the Commissioner refuses, or becomes
unable, to carry out his duties set forth herein, the Court shall
appoint another without further notice or hearing.

4.    Upon the effective date of the Commissioner's
appointment, the Commissioner shall henceforth hold all legal and
equitable title to the Mortgaged Properties. The Commissioner is
authorized and directed to take possession of the Mortgaged
Properties and make this sale of foreclosure as hereinafter set
forth.

5.    The sale of the Hui Property and Lower Road Property,
respectively, shall be to the highest bidder at the
Commissioner's sale by public auction, without upset price. The
sales of the Mortgaged Properties may be made together or
separately.

6. The Commissioner shall give notice of the sales of the Hui Property and Lower Road Property, respectively, as follows:

a. The Commissioner shall give notice of each sale by publication in at least one newspaper regularly issued and of general circulation in the County of Maui. Said notice shall be published once a week for at least four (4) consecutive weeks, with the auction to take place no sooner than fourteen (14) days after the appearance of the fourth advertisement.

b. The notice shall give the date, time, and place of the sale and an intelligible description of the property, including any improvements.

c. The notice shall provide that the Hui Property is being sold subject to the defects, liens, encumbrances and other matters affecting title listed in Exhibit C to this Order, which may be described in a summary manner. The notice shall state that the Hui Property is subject to a DEED TO TRUST dated June 12, 2013, recorded as Document No. A-49241200, by and between THOMAS LINDSEY and JENNIE LINDSEY, "GRANTOR" and THOMAS LINDSEY and JENNIE LINDSEY, the Trustees of the Kamaki Lindsey Trust, an Irrevocable Trust registered in the First Estate of Kamehameha Ekahi,"GRANTEE." The notice shall further state that Title Guaranty of Hawaii states that it "does not believe that the foregoing document has any valid or enforceable effect on the title to the land described herein. If a policy of title

insurance is issued, Schedule B will not contain a reference to said document." (Doc. No. 267, Exs. A & B.)

      d.   The notice shall provide that the Lower Road Property is being sold subject to the defects, liens, encumbrances and other matters affecting title listed in Exhibit D to this Order, which may be described in a summary manner. The notice shall state that the Lower Road Property is subject to a DEED TO TRUST dated June 12, 2013, recorded as Document No. A-49241200, by and between THOMAS LINDSEY and JENNIE LINDSEY, "GRANTOR" and THOMAS LINDSEY and JENNIE LINDSEY, the Trustees of the Kamaki Lindsey Trust, an Irrevocable Trust registered in the First Estate of Kamehameha Ekahi,"GRANTEE." The notice shall further state that Title Guaranty of Hawaii states that it "does not believe that the foregoing document has any valid or enforceable effect on the title to the land described herein. If a policy of title insurance is issued, Schedule B will not contain a reference to said document." (Doc. No. 267, Exs. A & B.

      e.   The Commissioner may give further notices of the sale in such manner and frequency as such Commissioner may, in the exercise of such Commissioner's discretion, deem reasonable and appropriate. The Commissioner shall have the authority to continue the sales from time to time at the Commissioner's discretion.

      7.   The Commissioner shall sell the Mortgaged Properties by

foreclosure sale in an "AS IS" condition, without any representations or warranties whatsoever as to title or possession.

8.   The sale so made and confirmed shall perpetually bar Borrowers, all other defendants, and all parties herein, and all other persons claiming by, through or under them, except governmental authorities enforcing liens or unpaid real property taxes, from any and all right, title, and interest in and to the Mortgaged Properties and any part thereof.

9.   The Commissioner shall have full authority to manage the Mortgaged Properties, receive and collect all rents, income and profits from the Mortgaged Properties, to expend a reasonable sum for advertising the sales thereof, and to expend a reasonable sum for proper maintenance and repair thereof. The Commissioner and all persons occupying the Mortgaged Properties shall allow reasonable access to view the Mortgaged Properties, a minimum of two separate days prior to the sale of the Properties, by means of an open house or other reasonable means.

10.  All parties appearing herein are authorized to be purchasers at said sales of the Mortgaged Properties. The successful bidder at the foreclosure sales shall be required at the time of such sale to make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful price bid, such payment to be in cash, certified

check, or cashier's check, provided that should Plaintiff be the highest bidder on one or both of the Mortgaged Properties, it may satisfy the down payment by way of offset up to the amount of its secured debts. The balance of the purchase price must be paid in full at the closing of the sale, which shall take place thirty-five (35) days after entry of the order confirming the sale. Such payment shall be in cash, certified check, or cashier's check, provided that should Plaintiff be the high bidder, it may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt. If the high bidder fails to timely pay the balance of the purchase price, the deposit shall be forfeited and applied to cover the cost of sale, including the Commissioner's fee, with any amount remaining to be returned to the bidder. Costs of conveyancing, including preparation of the conveyance documents, conveying tax, securing possession of the Mortgaged Properties, escrow services, any title insurance, and recording of such conveyance, shall be at the expense of the purchaser. The sale shall not be final until approved by the Court.

11.  Pending the sale of the Lower Road Property, Defendant Salem shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures, and appurtenances on the Properties) in its current condition. Defendant Salem shall not commit waste against the Lower Road

Property, nor shall he cause or permit anyone else to do so. Defendant Salem shall not do anything that tends to reduce the value or marketability of the Lower Road Property, nor shall he cause or permit anyone else to do so. Defendant Salem shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Lower Road Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

12. All persons occupying the Mortgaged Properties shall leave and vacate the Mortgaged Properties permanently within twenty (20) days after the confirmation of the sale of the Properties, each taking with them their personal property (but leaving all improvements, buildings, and appurtenances to the Properties). If any person fails or refuses to leave and vacate either of the Mortgaged Properties by the time specified in this Decree, the Commissioner is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons, including obtaining a judgment for possession and a write of possession. If any person fails or refuses to remove his or her personal property from the premises by the time specified herein, any personal property remaining on the Mortgaged Properties thereafter is deemed forfeited and

abandoned, and the Commissioner is authorized to remove it and dispose of it in any manner the Commissioner sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

13.   The Commissioner shall be awarded such fees as the Court deems just and reasonable, together with actual and necessary expenses incurred with the sale of the Mortgaged Properties.

14.   The order of distribution of the sale proceeds to the parties claiming an interest in the Mortgaged Properties shall be made in accordance with their respective priorities.

15.   A further hearing shall be held to consider the confirmation of the foreclosure sales of the Mortgaged Properties, with this Court determining the amounts of fees and expenses to be awarded to the Commissioner, and the total amount due and owing to Plaintiff at the time of judgment under the loan documents, including but not limited to the amount of attorneys' fees and costs and the amount of expenses reasonably expended by Plaintiff for the preservation of the Mortgaged Properties. Plaintiff shall not be entitled to a deficiency judgment, if any, arising from the foreclosure sale of the Mortgaged Properties against the Borrowers individually or collectively. At the hearing(s), and upon good cause, the Court may also allow

reopening of the auction by accepting higher bids, the first of
which must be at least one hundred five percent (105%) of the
highest bid at the Commissioner's sale; anyone may reopen the
auction by bidding, including all parties to this action and any
other interested person, whether or not any such party or
interested person bid, or could have bid, at the Commissioner's
sale.

16. Effective upon the appointment of the Commissioner as
aforesaid, all monies held in trust by receiver Gary Robert,
Esq., who has been serving as receiver of the Hui Property
pursuant to the Order Granting Plaintiff OneWest Bank, FSB's
Motion for Appointment of Receiver filed herein March 11, 2013,
as amended by the Order Granting in Part and Denying in Part
Plaintiff OneWest Bank, FSB's Motion to Substitute Receiver and
for Writ of Possession (the "Receivership"), shall be transferred
to the Commissioner with an accounting of all receipts and
expenses and distributions relating to such Receivership;
provided, however, that no such immediate accounting or transfer
shall be required in the event Mr. Robert is appointed herein as
the Commissioner, and provided further that a complete
accounting, inclusive of the foregoing Receivership accounting in
addition to the commissionership, shall otherwise be filed herein
in the usual course.

17. Effective upon the appointment of the Commissioner, Mr.

Robert shall be awarded such fees and costs as this Court shall determine to be reasonable in connection with the Receivership.

18. There being no just reason for delay, this Court expressly determines and directs that final judgment be entered in favor of Plaintiff and against all defendants, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded herein, and to direct such further matters, claims, and proceedings herein.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 21, 2014



_____
Alan C. Kay
Senior United States District Judge

Onewest Bank, FSB v. J. Randall Farrar, et al., No. 12-00108 ACK KSC, Order Granting Decree of Interlocutory Foreclosure and Appointing Commissioner

11

**<u>Exhibit A</u>**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1663, Land Commission Award Number 5524 to L. Konia) situate, lying and being in the Ahupuaas of Alaeloa and Honokeana, Kaanapali, Island and County of Maui, State of Hawaii, being LOT 51-C-11, same being a portion of Allotment 51-C, of the "PARTITION OF THE HUI LAND OF MAILEPAI", and thus bounded and described:

Beginning at a pipe on the west corner of this lot, southwest corner of Lot 51-C-10, east side of Honoapiilani Highway, the coordinates of which point referred to Triangulation Station "MALO" are 12,545.32 feet south and 10,193.50 feet west and running by azimuths measured clockwise from true south:

1.  243° 31' 00"   197.57   feet along Lot 51-C-10 to a pipe;

2.  345° 19' 30"   154.60   feet along Baldwin Packers to a pipe;

3.   87° 04' 00"   193.04   feet along Lot 51-C-12 to a pipe;

4.  Thence along east side of Honoapiilani Highway on a curve
                         to the left, with a radius of 192.79
                         feet, the direct azimuth and distance
                         being 161° 59' 00"  75.00 feet the
                         point of beginning, and containing an
                         area of 0.499 acre more or less.

**Exhibit B**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Grant Number 1663, Land Commission Award Number 5524 to L. Konia and Allotment 48 of the Partition of the Hui Land of Mailepai) situate, lying and being at Alaeloa, Kaanapali, Lahaina, Island and County of Maui, (Tax Map Key: (2) 4-3-15: Portion 04), State of Hawaii, being LOT 48-C of the "MAILEPAI HUI PARTITION (L.U.C.A. File No. 4.686), and thus bounded and described as per survey, to-wit:

Beginning at a 1/2 inch pipe (set) at the easterly corner of this parcel of land, being the southerly corner of Lot 48-B and a point on the northwesterly property boundary line of Lot 48-E (road widening lot) of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686), the coordinates of said point of beginning referred to Government Survey Triangulation Station "MALO" being 14,176.06 feet south and 11,725.54 feet west and running by azimuths measured clockwise from true south; thence,

1.   Following along the northwesterly property boundary line of Lot 48-E (road widening lot) of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686), along the arc of a curve concave to the left, having a radius of 495.17 feet, the azimuth of a radial line passing through the beginning of this curve being 130° 51'  01", the chord azimuth and distance being 36°  42' 52.5" for 71.43 feet to a 1/2 inch pipe (set); thence,

2.    Following along the northeasterly property boundary line of Lot 48-D (road widening lot) of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686), along the arc of a reverse curve concave to the right, having a radius of 30.00 feet, the azimuth of a radial line passing through the beginning of this reverse curve being 302° 34' 44", the chord azimuth and distance being 76° 12' 52" for 41.40 feet to a 1/2 inch pipe (set); thence,

3.    119° 51' 00"    93.20    feet along the northeasterly property boundary line of Lot 48-D (road widening lot) of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686) to a 1/2 inch pipe (set); thence,

4.    181° 22' 32"    113.18    feet along the easterly property boundary line of Lot 48-A of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686) to a 1/2 inch pipe (set); thence,

5.    299° 51' 00"    185.66    feet along the southwesterly boundary line of Lot 48-B of the "Mailepai Hui Partition" (L.U.C.A. File No. 4.686) to the point of beginning and containing an area of 14,988 square feet or 0.344 acre, more or less.

Together with a nonexclusive easement over Roadway Lot 48-D for ingress and egress purposes, as granted in Warranty Deed dated February 14, 1999, recorded as Document No. 99-026456 and Grant of Roadway Easement dated March 7, 2000, recorded as Document No. 2000-032188 (No joinder by Chris Salem and Gloria Salem).

**Exhibit C**

FH -000003493

## SCHEDULE  B

Defects, liens, encumbrances or other matters affecting title:

PART I

1.   Real Property Taxes, if any, that may be due and owing.

   Tax Key: (2) 4-3-015-055     Area Assessed: 14,986 sq. ft.

2.   Mineral and water rights of any nature in favor of the State of Hawaii.

3.   The terms and provisions contained in the following:

   INSTRUMENT :  SUBDIVISION AGREEMENT (3 LOTS OR LESS)

   DATED      :  September 28, 1995
   RECORDED   :  Document No. 95-145123
   PARTIES    :  ANKA, INC., a Hawaii corporation, and COUNTY OF
                 MAUI

4.   The terms and provisions contained in the following:

   INSTRUMENT :  HOLD-HARMLESS AGREEMENT

   DATED      :  October 10, 1995
   RECORDED   :  Document No. 95-148522
   PARTIES    :  ANKA, INC., a Hawaii corporation, and COUNTY OF
                 MAUI

SCHEDULE B CONTINUED

5.    DESIGNATION OF EASEMENT "E-1"

PURPOSE     :  access and utility
SHOWN       :  on survey map prepared by Sherman Dudley DePonte,
               Registered Professional Land Surveyor with Akamai
               Land Surveying, dated July 27, 1994, revised
               September 1996, November 1996 and December 1996 and
               more particularly described as follows:

Beginning at a 1/2 inch pipe (set) at the westerly corner of this
easement and of Lot 48-C, being the southerly corner of Lot 48-A
and a point on the northeasterly property boundary line of Lot
48-D (road widening lot) of the Mailepai Hui Partition (L.U.C.A
File No. 4.686), the coordinates of said point of beginning
referred to Government Survey Triangulation station "MALO" being
14,196.80 feet south and 11,889.28 feet west and running by
azimuths measured clockwise from true South; thence,

1.   181°  22'  32"    20.48    feet along the southeasterly
                                property boundary line of Lot
                                48-A of the Mailepai Hui
                                Partition (L.U.C.A. File No.
                                4.686) to a point; thence,

2.   299°  51'  00"    24.76    feet along the remainder of Lot
                                48-C of the Mailepai Hui
                                Partition (L.U.C.A. File No.
                                4.686) to a point; thence,

3.    29°  51'  00"    18.00    feet along the same to a point;
                                thence,

4.   119°  51'  00"    15.00    feet along the northeasterly
                                property boundary line of Lot
                                48-D (road widening lot) of the
                                Mailepai Hui Partition
                                (L.U.C.A. File No. 4.686) to
                                the point of beginning and
                                containing an area of 358
                                square feet, more or less.

SCHEDULE B CONTINUED

6.   RESTRICTION OF VEHICLE ACCESS RIGHTS

     ALONG     :   Lower Honoapiilani Highway
     SHOWN     :   on survey map prepared by Sherman Dudley DePonte,
                 Registered Professional Land Surveyor with Akamai
                 Land Surveying, dated July 27, 1994, revised
                 September 1996, November 1996 and December 1996

7.   GRANT

     TO        :   MAUI ELECTRIC COMPANY, LIMITED and GTE HAWAIIAN
                 TELEPHONE COMPANY INCORPORATED, now known as
                 HAWAIIAN TELCOM, INC.

     DATED     :   March 8, 1996
     RECORDED  :   Document No. 96-050324
     GRANTING  :   a utility easement over and across Easement "E-1"

8.   The terms and provisions contained in the following:

     INSTRUMENT :   VIEW EASEMENT AND SETBACK AGREEMENT

     DATED     :   November 7, 2001
     RECORDED  :   Document No. 2001-180087
     PARTIES   :   LOT 48A LLC, a Hawaii limited liability company,
                 and CHRIS and GLORIA SALEM

     Said above View Easement and Setback Agreement was amended by
     instrument dated July 6, 2007, recorded as Document No.
     2007-123762.

SCHEDULE B CONTINUED


9.    The terms and provisions contained in the following:

      INSTRUMENT :   VIEW EASEMENT AGREEMENT

      DATED      :   July 30, 2003
      RECORDED   :   Document No. 2003-159952
      PARTIES    :   C. ROWLAND HANSON and MARY O. HANSON and
                     CHRISTOPHER SALEM and GLORIA SALEM, as Trustees of
                     the Christopher Salem and Gloria Salem Living Trust
                     dated August 31, 1999



10.   The terms and provisions contained in the following:

      INSTRUMENT :   PARTY WALL AGREEMENT

      DATED      :   December 17, 2004
      RECORDED   :   Document No. 2005-130929
      PARTIES    :   BAY POINTE LOT 48, LLC, a Hawaii limited liability
                     company and CHRISTOPHER SALEM and GLORIA SALEM, as
                     Trustees of the Christopher Salem and Gloria Salem
                     Living Trust dated August 31, 1999

# E N D O R S E M E N T   N O.   5

Issued by

FIRST AMERICAN TITLE INSURANCE COMPANY

Attached to Guarantee No. FH –000003493
dated December 8, 2010 at 8:00 a.m.

The Company hereby assures the assured that, subsequent to the
date of the Guarantee issued under the above number, no matters
are shown by the public records which would affect the assurances
in said Guarantee other than the following:

1.   Real Property Taxes, if any, that may due and owing.

   Tax Key:  (2) 4-3-015-055   Area Assessed:  14,986 sq. ft.

2.   TAX LIEN

   BY         : DEPARTMENT OF TAXATION, STATE OF HAWAII

   AGAINST    : CHRISTOPHER SALEM

   DATED      : July 3, 2012
   RECORDED   : Document No. A-45840734
   AMOUNT     : $18,626.11

3.   THE EFFECTS, IF ANY, OF THE FOLLOWING:

   DEED TO TRUST dated June 12, 2013, recorded as Document No.
   A-49241200, by and between THOMAS LINDSEY and JENNIE
   LINDSEY, "GRANTOR", and THOMAS LINDSEY and JENNIE LINDSEY,
   the Trustees of the Kamaki Lindsey Trust, and Irrevocable
   Trust registered in the First Estate of Kamehameha Ekahi,
   "GRANTEE".

   –Note:– Title Guaranty of Hawaii, Inc. does not believe that
          the foregoing document has any valid or enforceable
          effect on the title to the land described herein.
          If a policy of title insurance is issued, Schedule B
          will not contain a reference to said document.

**© Title Guaranty of Hawaii, Inc.**
235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261

**Exhibit D**

FH –000003496

**SCHEDULE  B**

Defects, liens, encumbrances or other matters affecting title:


PART I


1.   Real Property Taxes, if any, that may be due and owing.

     Tax Key: (2) 4-3-003-048     Area Assessed: 21,736 sq. ft.


2.   Mineral and water rights of any nature in favor of the State of Hawaii.


3.   Encroachment(s) as shown on the survey prepared by Randall Sherman dated October 11, 2005, as follows:

     A.   An encroachment (approximately 566 square feet) comprised of a rock wall & steps appurtenant to the subject property onto an adjoiner (Lower Honoapiilani Road right-of-way) were noted.

     B.   An encroachment (approximately 79 square feet) comprised of a carport appurtenant to the subject property onto an adjoiner (Lower Honoapiilani Road right-of-way) was noted.

# E N D O R S E M E N T   N O.   5

Issued by

FIRST AMERICAN TITLE INSURANCE COMPANY

Attached to Guarantee No. FH −000003496
dated December 8, 2010 at 8:00 a.m.


The Company hereby assures the assured that, subsequent to the
date of the Guarantee issued under the above number, no matters
are shown by the public records which would affect the assurances
in said Guarantee other than the following:


1.   Real Property Taxes, if any, that may be due and owing.

     Tax Key:  (2) 4-3-003-048   Area Assessed:  21,736 sq. ft.


2.   TAX LIEN

     BY          : DEPARTMENT OF TAXATION, STATE OF HAWAII

     AGAINST     : CHRISTOPHER SALEM

     DATED       : July 3, 2012
     RECORDED    : Document No. A−45840734
     AMOUNT      : $18,626.11


3.   THE EFFECTS, IF ANY, OF THE FOLLOWING:

     DEED TO TRUST dated June 12, 2013, recorded as Document No.
     A−49241200, by and between THOMAS LINDSEY and JENNIE
     LINDSEY, "GRANTOR" and THOMAS LINDSEY and JENNIE LINDSEY,
     the Trustees of the Kamaki Lindsey Trust, an Irrevocable
     Trust registered in the First Estate of Kamehameha Ekahi,
     "GRANTEE".

     −Note:−  Title Guaranty of Hawaii, Inc. does not believe that
              the foregoing document has any valid or enforceable
              effect on the title to the land described herein.
              If a policy of title insurance is issued, Schedule B
              will not contain a reference to said document.

**© Title Guaranty of Hawaii, Inc.**
                    235 QUEEN ST., HONOLULU, HAWAII  96813,  PH: (808) 533-6261